

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2002

# USA v. Elliott

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Elliott" (2002). *2002 Decisions*. Paper 288.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/288

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2108
_____

UNITED STATES OF AMERICA

v.

TOM  ELLIOTT, III

Tom Elliott,

Appellant

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No.: 00-cr-00119-2

District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a) May 7, 2002

Before: NYGAARD, ALITO, and ROSENN, Circuit Judges.

(Filed: May 21, 2002)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

        The appellant, Thomas Elliott, III, pled guilty in November 2000 in the United

States District Court for the Middle District of Pennsylvania to possession with intent to

distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).  The court

sentenced the appellant to 140 months of imprisonment. His attorney filed a motion to withdraw as counsel and a supporting brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). As part of his plea bargain, Elliott agree to testify and did testify as a Government witness against another defendant, John Watson, charged with possession with intent to manufacture and distribute crack cocaine.

Elliott's sentencing range was 151-188 months. The Government filed a downward departure motion because of Elliott's assistance during the Watson trial. The District Court granted the Government's motion and sentenced Elliott to 140 months imprisonment. Disappointed in the extent of the downward departure, Elliott timely appealed.

In his <u>Anders</u> brief, Elliott's counsel noted two possible issues: first, whether Elliott's career offender status under the Sentencing Guidelines § 4B1.1 was proper; second, whether the degree of the District Court's downward departure was erroneous. Our review of the District Court's legal interpretation and application of the sentencing guidelines is plenary. <u>United States v. Torres</u>, 251 F.3d 138, 144-45 (3d Cir. 2001).

Elliott contests his classification as a career offender. The District Court found that based upon at least two prior qualifying convictions, Elliott qualified as a career offender under the Sentencing Guidelines § 4B1.1. Therefore, his offense level was enhanced to 32, and after subtracting three levels for acceptance of responsibility, his total offense level was now 29. As a career offender pursuant to § 4B1.1, his criminal history category was automatically VI. Thus, his sentencing range was 151-158 months.

Two of Elliott's prior felony convictions fell within the applicable time period set forth in § 4A1.2(e)(1) and otherwise satisfied § 4B1.1. Elliott had been sentenced in 1982 for a period of three years' confinement for a robbery conviction, in 1985 for an assault conviction, in 1988 for an aggravated assault conviction, and several drug crimes thereafter. Thus, at least two prior felony convictions fell within the applicable time period for § 4A1.2(e)(1) and otherwise satisfied § 4B1.1. Thus, Elliott was appropriately classified as a career offender. As such, his offense level of 29, criminal history category VI, and the corresponding sentence range of 151-188 months were not in error. Therefore, counsel for Elliott did not err in concluding this issue to be without merit.

However, the more difficult issue arises out of Elliott's cooperation and testimony during the Watson trial. Pursuant to the plea agreement, the Government filed a motion under Sentencing Guidelines § 5K1.1 seeking a departure from the Sentencing Guideline range of 151-158 months. The Government recommended a range of 70-87 months. The District Court granted the Government's motion but rejected the sentencing range. Instead, it departed downward from the minimum in the range by 11 months only.

We do not have jurisdiction to review the extent of the District Court's departure for substantial assistance to the Government. Torres, 251 F.3d at 145. Although we lack jurisdiction to review the degree of departure, Torres held that we do have jurisdiction over sentencing errors based upon a mistake of law or an incorrect application of the Guidelines. Id. No doubt, the Government was aware of Elliott's career offender status when it made its recommendation. Nonetheless, the Government urged the District Court

3

to reduce Elliott's sentence by half. The only explanation available from the present record regarding the degree of downward departure and the reason therefor appears in a brief sentence in the District Court's judgment.

A review of the transcript of the sentencing hearings would be helpful, but regrettably defense counsel did not order the transcript, informing this court that the transcript was unnecessary for this appeal. In Torres, we held that in considering a departure for substantial assistance to the Government, the sentencing court not only must conduct a qualitative, case-by-case analysis, but "also must examine section 5K1.1's enumerated factors." Id. at 147.

> That is, when presented with a motion for downward departure a sentencing judge must, at the very minimum, indicate his or her consideration of section 5K1.1's five factors in determining whether and to what extent to grant a sentencing reduction. Further, the sentencing judge must indicate his or her consideration of any factors outside those listed in 5K1.1. We strongly urge the sentencing judges to make specific findings regarding each factor and articulate thoroughly whether and how they used any proffered evidence to reach their decision.

Id.

On the present record, without the benefit of the transcript of the sentencing, we cannot determine whether the District Court satisfied this burden or otherwise committed errors of law. Thus, we will deny the motion of counsel for the appellant to withdraw from this proceeding and direct that he produce the sentencing transcript and file a supplemental brief on this issue within twenty-one days of notice that this opinion has been filed. After receipt of the appellant's supplemental brief, the Government will have

4

twenty-one days to respond.  In the interim, this panel will retain jurisdiction of this

appeal.

TO THE CLERK:

Please file the foregoing opinion.

/s/Max Rosenn
Circuit Judge